## Van Pelt v. Prudential Insurance Company of America.

*Life insurance—Assured not responsible for answers filled out by agent.*

In an action upon a life insurance policy, where the defence is that the insured made false answers to the medical examiner when the application was made, in the absence of evidence other than the mere possession of the paper by the insured, there being nothing to indicate that either the beneficiary or the insured read it or possessed knowledge of its contents, plaintiff (beneficiary) is not estopped from denying responsibility for the unauthorized answers, and may show that the answers, although false, were written out by the examiner, and were not the answers actually given by the insured; hence, a motion for judgment *n. o. v.* after disagreement of jury was refused.

Motion for judgment under Act of April 20, 1911, P. L. 70. C. P. No. 5, Phila Co., Sept. T., 1918, No. 2148.

*R. Vale,* for plaintiff; *Shoyer & Arronson,* for defendant.

MARTIN, P. J., Aug. 17, 1923. — Plaintiff sued as beneficiary of a policy issued by defendant upon the life of her husband.

Defendant refused payment, alleging the insured made false answers in his declarations to the medical examiner when application was made for the policy.

The name of the insured was signed to a declaration warranting the statements and answers to the questions it contained to be complete and true, and

3 D. & C.

agreeing that the statements and answers, as well as those made to the company's medical examiner, should become part of the contract of insurance, and that the policy should not take effect until the first premium was paid while the health of the insured was the same as described in his application.

Among the questions was one: "Have you ever had cancer?" The answer was "No." Other questions were: "Have you ever had ulcer on any part of body?" Answer "No." "Have you ever had a surgical operation?" Answer "No." "Give names of all physicians who have attended you during the past three years, and on what dates and for what complaints." Answer "None."

The insured had been treated for ulcer of the stomach, and received treatment prior to making the application for insurance by six physicians. He also underwent an operation between May 30th and June 27, 1917, and had been declared an incurable cancer patient.

The policy of insurance, with the declaration alleged to have been made to the medical examiner attached, was in the possession of the insured and plaintiff from the time it was issued on Sept. 11, 1917, until the date of the death of the insured from cancer, affecting various portions of his alimentary canal, on Nov. 22, 1917. Both could read.

It was denied that the insured made any statements to the medical examiner which authorized the insertion by him of the answers upon which defendant relies to relieve it from liability for payment of the policy.

There was evidence at the trial that the medical examiner representing the defendant visited the home of the insured in the evening, and, as the light in the room where they met was poor, the medical examiner stated he would take the papers home and fill out the answers. The insured was asked whether he had any heart, kidney or liver trouble. There were no other questions, except those relating to the use of liquor by insured, his age, and that of the beneficiary, and their state of health.

For the purposes of the present motion, it is necessary that the testimony offered on behalf of plaintiff that the answers to the questions attached to the policy were not made by the insured or by plaintiff, and were not authorized by them to be inserted by the medical examiner, should be assumed to be true.

Defendant claims that the possession and retention of the policy by plaintiff and her husband furnishes conclusive proof that they were aware of the false statements contained in the answers, copies of which were attached to the policy, and that plaintiff is estopped from disowning them as the answers of the insured.

Upon trial of the case the jury disagreed.

If the jury was convinced that the insured signed the application for the policy before the answers to the questions upon which defendant relies were written, and that the papers were subsequently filled out by an agent of the defendant, plaintiff is not precluded from showing that it was through the fraud or mistake of the agent that false answers were written that are not binding on either the insured or the beneficiary.

In the absence of evidence other than the possession of the paper, with nothing to indicate that it had been read by plaintiff or the insured, or that they possessed a knowledge of the contents, it is not for the court to declare as a matter of law that plaintiff is estopped from denying responsibility for unauthorized answers inserted in the application for insurance by an agent of the defendant company. Motion refused.